UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ROBERT BARR )<br>    Plaintiff, )<br>)<br>v. )<br>) C.A. No. _____<br>NEW YORK STATE HIGHER )<br>EDUCATION SERVICES )<br>CORPORATION, )<br>    Defendant. )<br>_____) | |

## COMPLAINT

1. The Plaintiff, Robert Barr (hereinafter "Barr"), is a Rhode Island resident, having a home address of 156 Mount Hope Ave., Bristol.

2. The Defendant, New York State Higher Education Services Corporation (hereinafter "NYSHESC"), is a State Agency with its main office at 99 Washington Ave., Albany, New York. NYSHESC's president is James C. Ross.

3. On or about January 17, 1998, Barr applied for a student loan consolidation with NYSHESC for certain loans Sallie Mae c/o the Department of Education and/ or NCI/ DOE, loan number 09668381103, *et. seq.* 09668381102 and 09668381101 (hereinafter "educational loans"). ~~See Exhibit A.~~ *B.R.*

4. On February 25, 1998, Plaintiff Robert Barr filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Rhode Island, and included as part of that filing the educational loans. ~~See Exhibit B.~~ *B.R.*

5. Plaintiff's loan consolidation for the educational loans was accepted and signed by Defendant's authorized lending official on March 24, 1998. ~~See Exhibit A.~~ *B.R.*

6. On June 4, 1998, the United States Bankruptcy Court for the District of Rhode Island granted an order releasing Robert Barr as debtor, from all dischargeable debts, including the educational loans, and barring all subsequent judgments as to Barr's personal liability of such from any other court. ~~See Exhibit C.~~ *B.R.*


7. Additionally, said Order enjoined all discharged creditors from instituting or continuing any action, employing any process, or engaging in any act to collect debts discharged by said order. ~~See Exhibit C.~~ *BLR*

## SUBJECT MATTER JURISDICTION

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b); 28 U.S.C. § 157. See Also Cheryl Bessette v. AVCO Financial Services, Inc., et al., United States District Court for the District of Rhode Island, C.A. No. 97-487 L.

## COUNT ONE
(Contempt)

9. Paragraph 1 through 8 supra are hereby incorporated by reference and fully restated as if set forth herein.

10. Defendant, NYSHESC had knowledge of said order and the prohibitive effect said order had on Defendant engaging in acts to collect from Plaintiff.

11. Defendant subsequently violated the June 4, 1998 order by both making a series of requests for payment, and by garnishing the wages of the Plaintiff and joint tax return of him and his wife.

WHEREFORE, Plaintiff, Robert Barr demands judgment against Defendant, NYSHESC, in the amount to be determined at trial, with interest, costs, attorney's fees pursuant to, *inter alia*, 11 USC § 105 Power of court, and such further relief as the court deems just and proper.

## COUNT TWO
(Conversion)

12. Paragraph 1 through 11 supra are hereby incorporated by reference and fully restated as if set forth herein.

13. Said garnishment of both Plaintiff's wages and joint tax return of him and his wife constitutes a wrongful exercise of dominion and ownership by Defendant over monies rightfully owned by both Plaintiff and his wife.

14. Plaintiff has been injured as a result of his inability to obtain wages due and owing to him and the additional loss of financial support from the garnishment of the joint tax return of him and his wife.

WHEREFORE, Plaintiff, Robert Barr demands judgment against Defendant, NYSHESC, for the amount of garnished wages totaling $3,131.33, with interest, costs, and such further relief as the court deems just and proper.

## COUNT THREE
(Money Had and Received)

15. Paragraph 1 through 14 supra are hereby incorporated by reference and fully restated as if set forth herein.

16. NYSHESC's acquisition of both Plaintiff's and his wife's wages through garnishment has prevented plaintiff and his wife from such monies which they own in both equity and good conscience.

17. Plaintiff has been injured as a result of his inability to use his earned wages and the additional loss of support from the garnishment of his wife's wages.

WHEREFORE, Plaintiff, Robert Barr demands judgment against Defendant, NYSHESC, for the amount of garnished wages totaling $3,131.33, with interest, costs, and such further relief as the court deems just and proper.

Robert J. Barr
By his attorney,

_____
Andrew J. Tine (RI Bar # 6756)
Law Offices of Andrew J. Tine
251 Thames Street
Bristol, Rhode Island, 02809
(401)-396-9002